UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS, ILLINOIS

| | |
|---|---|
| DANNY GROVE and MARILYN GROVE,<br><br>   Plaintiffs,<br><br>   v.<br><br>SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, LUIS C. DeVENECIA, M.D., JAMIE BUMP, NP, and UNITED STATES OF AMERICA<br><br>   Defendants. | 2021-cv- |

## COMPLAINT AT LAW

Now Come Plaintiffs, DANNY GROVE and MARILYN GROVE, by and through their attorneys, DUNCAN LAW GROUP, LLC, before this Court complaining of Defendants, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, LUIS C. DeVENECIA, M.D., JAMIE BUMP, NP, and UNITED STATES OF AMERICA, as follows:

## JURISDICTION AND VENUE

1. Plaintiffs, DANNY GROVE and MARILYN GROVE, are residents of the City of Olney, County of Richland, State of Illinois.

2. Plaintiffs bring their claims against SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, LUIS C. DeVENECIA, M.D., JAMIE BUMP, NP, and UNITED STATES OF AMERICA, pursuant to the *Federal Tort Claims Act*, 28 U.S.C. §2671, et seq, and 28 U.S.C. §1346(b)(1), for monetary damages as compensation for

medical negligence caused by acts and/or omissions of LUIS C. DeVENECIA, M.D., JAMIE BUMP, NP, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, and UNITED STATES OF AMERICA.

3. Venue is proper in the Southern District of Illinois, because all alleged acts and/or omissions occurred in this District and all parties named herein reside and/or do business in this District. Defendants, LUIS C. DeVENECIA, M.D. and JAMIE BUMP, NP are residents of the County of Richland, State of Illinois, and Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, is a corporation with its principal place of business in the County of St. Clair, State of Illinois.

4. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the *Federal Tort Claims Act*.

5. Plaintiffs served notice of their claim upon the Department of Health and Human Services on or about April 19, 2021. The aforesaid Department acknowledged receipt and assigned claim numbers, specifically 2021-0387 and 2021-0413. Since then, six months have passed without a written final denial of the claims, making this Complaint timely and compliant with 28 U.S.C. §2675.

## FACTUAL BASIS OF THE CLAIM

### COUNT I

6. Plaintiffs incorporate all paragraphs of this Complaint as though fully set forth herein.

7. On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital in the City of Olney, County of Richland, State of Illinois.

8. After that fall, Plaintiff, DANNY GROVE complained of persistent back pain.

9. At all times relevant herein, Defendants, LUIS C. DeVENECIA, M.D. and JAMIE BUMP, NP, were the primary care providers for Plaintiff, DANNY GROVE.

10. On April 15, 2019, Plaintiff, DANNY GROVE, sought treatment from Defendant, JAMIE BUMP, NP-C, because of severe back pain.

11. On April 15, 2019, Defendant, JAMIE BUMP, NP-C, prescribed hydrocodone.

12. On April 23, 2019, Plaintiff, DANNY GROVE, sought treatment from Defendant, JAMIE BUMP, NP-C, and once again, had severe back pain.

13. On April 23, 2019, Defendant, JAMIE BUMP, NP-C, prescribed physical therapy.

14. From May 1, 2019 through May 24, 2019, Plaintiff, DANNY GROVE, participated in physical therapy and continued to make complaints of back pain, which were reported to Defendants, LUIS C. DeVENECIA, M.D. and JAMIE BUMP, NP.

15. On May 2, 2019, Plaintiff, DANNY GROVE, called Defendants, LUIS C. DeVENECIA, M.D. and JAMIE BUMP, NP, requesting more hydrocodone and Defendants, LUIS C. DeVENECIA, M.D. and JAMIE BUMP, NP, prescribed same.

16. On May 15, 2019, Plaintiff, DANNY GROVE, sought treatment from Defendant, LUIS DeVENECIA, M.D.

17. On May 15, 2019, Defendant, LUIS DeVENECIA, M.D., admitted Plaintiff, DANNY GROVE, as an inpatient at Carle Richland Memorial Hospital

18. While an inpatient, Defendant, LUIS DeVENECIA, M.D., was the attending physician for Plaintiff, DANNY GROVE, who continued to have persistent, severe back pain.

19. Defendant, LUIS DeVENECIA, M.D., ordered a CT of the lumbar spine and an

x-ray of the thoracic spine, which had already been ordered six weeks earlier.

20. On May 22, 2019, Plaintiff, DANNY GROVE, sought treatment from Defendant, LUIS DeVENECIA, M.D., and once again, had persistent, severe back pain since the fall.

21. On May 25, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he complained of severe back pain radiating down both legs.

22. Despite complaints of severe back pain and radiating symptoms, Plaintiff, DANNY GROVE, was discharged from the emergency room.

23. On May 26, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he, once again, had severe back pain with radiating symptoms.

24. On May 26, 2019, Plaintiff, DANNY GROVE, was admitted as an inpatient.

25. On May 28, 2019, a radiologist reviewed a prior film from twelve days earlier and identified "acute thoracic spine fractures."

26. At all times relevant herein, Defendants, LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C, owed Plaintiff, DANNY GROVE, a duty of reasonable care.

27. Notwithstanding the aforesaid duty, Defendants, LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C, breached that duty in one or more of the following ways:

    a. Failed to perform a thorough physical examination on April 15, 2019;
    b. Failed to order additional imaging, including a CT of the thoracic spine on April 15, 2019;
    c. Failed to perform a thorough physical examination on April 23, 2019;
    d. Failed to order additional imaging, including a CT of the thoracic spine on April 23, 2019, given DANNY GROVE's

       complaints of pain and continued need for muscle relaxers and narcotics;
  e. Failed to rule out fractures before prescribing physical therapy;
  f. Failed to schedule a follow-up appointment when DANNY GROVE requested additional narcotics on May 2, 2019;
  g. Failed to order additional imaging when DANNY GROVE requested additional narcotics on May 2, 2019;
  h. Failed to order additional imaging, including a CT of the thoracic spine, in response to the reports from the physical therapist;
  i. Failed to perform a thorough physical examination while DANNY GROVE was in the hospital from May 15, 2019 through May 16, 2019;
  j. Failed to order proper imaging, including a CT of the thoracic spine, given DANNY GROVE's complaints of pain while he was in the hospital from May 15, 2019 through May 16, 2019;
  k. Failed to perform a thorough physical examination on May 22, 2019; or
  l. Failed to order additional imaging, including a CT of the thoracic spine on May 22, 2019, given DANNY GROVE's complaints of pain and continued need for muscle relaxers and narcotics.

28. As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE's spinal fracture went undetected, undiagnosed, and untreated until May 28, 2019 after experiencing partial paralysis.

29. As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or employees, as aforesaid.

30. Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

31.     Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters judgment against Defendants, LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C, for an award of compensatory damages, prejudgment interest, costs, and any other relief the Court deems just and appropriate.

## COUNT II
*(Loss of Consortium)*

32.     Plaintiffs incorporate all paragraphs of this Complaint as though fully set forth herein.

33.     Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

34.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants, LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters judgment against Defendants, LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C, for an award of compensatory damages, prejudgment interest, costs, and any other relief the Court deems just and appropriate.

## COUNT III

35.     Plaintiffs incorporate all paragraphs of this Complaint as though fully set forth herein.

36. Defendants, LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C, were actual and/or apparent agents and/or employees of Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE.

37. Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, is an Illinois corporation with its principal place of business in the County of St. Clair, State of Illinois.

38. Upon information and belief, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, is a federally funded entity through funds appropriated by the United States of America and the U.S. Department of Health and Human Services.

39. Upon information and belief, at all times relevant herein, Defendants, LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C, were agents and/or employees of Defendant, United States of America.

40. On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital in the City of Olney, County of Richland, State of Illinois.

41. After that fall, Plaintiff, DANNY GROVE had persistent back pain.

42. At all times relevant herein, Defendants, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C, were the primary care providers for Plaintiff, DANNY GROVE.

43. On April 15, 2019, Plaintiff, DANNY GROVE, sought treatment from Defendants, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF

HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C, for severe back pain.

44. On April 15, 2019, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA and JAMIE BUMP, NP-C, prescribed hydrocodone.

45. On April 23, 2019, Plaintiff, DANNY GROVE, sought treatment from Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA and JAMIE BUMP, NP-C, and once again, had severe back pain.

46. On April 23, 2019, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA and JAMIE BUMP, NP-C, prescribed physical therapy.

47. From May 1, 2019 through May 24, 2019, Plaintiff, DANNY GROVE, participated in physical therapy and continued to have back pain, which was reported to Defendants, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA and JAMIE BUMP, NP-C.

48. On May 2, 2019, Plaintiff, DANNY GROVE, called Defendants, SOUTHERN

ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA and JAMIE BUMP, NP-C, requesting more hydrocodone and Defendants' agents prescribed same.

49. On May 15, 2019, Plaintiff, DANNY GROVE, sought treatment from Defendants, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA and JAMIE BUMP, NP-C.

50. On May 15, 2019, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA and JAMIE BUMP, NP-C, admitted Plaintiff, DANNY GROVE, as an inpatient at Carle Richland Memorial Hospital

51. While an inpatient, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA, was the attending physician for Plaintiff, DANNY GROVE, who continued to have persistent, severe back pain.

52. Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA, ordered a CT of the lumbar spine and an x-ray of the thoracic spine, which had already been

ordered six weeks earlier.

53. On May 22, 2019, Plaintiff, DANNY GROVE, sought treatment from Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA and JAMIE BUMP, NP-C, and once again, had persistent, severe back pain since the fall.

54. On May 25, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he had severe back pain radiating down both legs.

55. Despite complaints of severe back pain and radiating symptoms, Plaintiff, DANNY GROVE, was discharged from the emergency room.

56. On May 26, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he, once again, complained of severe back pain with radiating symptoms.

57. On May 26, 2019, Plaintiff, DANNY GROVE, was admitted as an inpatient.

58. On May 28, 2019, a radiologist reviewed a prior film from twelve days earlier and identified "acute thoracic spine fractures."

59. At all times relevant herein, Defendants, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA and JAMIE BUMP, NP-C, owed Plaintiff, DANNY GROVE, a duty of reasonable care.

60. Notwithstanding the aforesaid duty, Defendants, SOUTHERN ILLINOIS

HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA and JAMIE BUMP, NP-C, breached that duty in one or more of the following ways:

    a. Failed to perform a thorough physical examination on April 15, 2019;
    b. Failed to order additional imaging, including a CT of the thoracic spine on April 15, 2019;
    c. Failed to perform a thorough physical examination on April 23, 2019;
    d. Failed to order additional imaging, including a CT of the thoracic spine on April 23, 2019, given DANNY GROVE's complaints of pain and continued need for muscle relaxers and narcotics;
    e. Failed to rule out fractures before prescribing physical therapy;
    f. Failed to schedule a follow-up appointment when DANNY GROVE requested additional narcotics on May 2, 2019;
    g. Failed to order additional imaging when DANNY GROVE requested additional narcotics on May 2, 2019;
    h. Failed to order additional imaging, including a CT of the thoracic spine, in response to the reports from the physical therapist;
    i. Failed to perform a thorough physical examination while DANNY GROVE was in the hospital from May 15, 2019 through May 16, 2019;
    j. Failed to order proper imaging, including a CT of the thoracic spine, given DANNY GROVE's complaints of pain while he was in the hospital from May 15, 2019 through May 16, 2019;
    k. Failed to perform a thorough physical examination on May 22, 2019; or
    l. Failed to order additional imaging, including a CT of the thoracic spine on May 22, 2019, given DANNY GROVE's complaints of pain and continued need for muscle relaxers and narcotics.

61. As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE's spinal fracture went undetected, undiagnosed, and untreated until May 28, 2019 after experiencing partial paralysis.

62. As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or employees, as aforesaid.

63. Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

64. Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters judgment against Defendants, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, for an award of compensatory damages, prejudgment interest, costs, and any other relief the Court deems just and appropriate.

## COUNT IV
(*Loss of Consortium*)

65. Plaintiffs incorporate all paragraphs of this Complaint as though fully set forth herein.

66. Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

67. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, acting by and through

their actual and/or apparent agents and/or employees, including but not limited to LUIS DeVENECIA and JAMIE BUMP, NP-C, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters judgment against Defendants, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE and UNITED STATES OF AMERICA, for an award of compensatory damages, prejudgment interest, costs, and any other relief the Court deems just and appropriate.

>        DANNY GROVE and
>        MARILYN GROVE, Plaintiffs
>
>        /s/Brian K. Hetzer
>        Brian K. Hetzer
>        DUNCAN LAW GROUP, LLC
>        Their Attorneys

## JURY DEMAND

Plaintiffs demand a trial by jury of twelve on each and every count of their complaint.

>        DANNY GROVE and
>        MARILYN GROVE, Plaintiffs
>
>        /s/Brian K. Hetzer
>        Brian K. Hetzer
>        DUNCAN LAW GROUP, LLC
>        Their Attorneys

---

Brian K. Hetzer (ARDC: 6292998)
**DUNCAN LAW GROUP, LLC**
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
312-202-3283
bkh@duncanlawgroup.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS, ILLINOIS

| | |
|---|---|
| DANNY GROVE and<br>MARILYN GROVE,<br><br>           Plaintiffs,<br><br>      v.<br><br>SOUTHERN ILLINOIS HEALTH CARE<br>FOUNDATION, INC. d/b/a SIHF<br>HEALTHCARE, LUIS C. DeVENECIA,<br>M.D., JAMIE BUMP, NP, and UNITED<br>STATES OF AMERICA<br><br>           Defendants. | 2021-cv- |

## **AFFIDAVIT**

Now comes Affiant, BRIAN K. HETZER, stating the following under oath:

1. That he is the attorney of record for Plaintiffs.
2. That the money damages sought exceed $50,000.00.

Further Affiant sayeth naught.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

DUNCAN LAW GROUP, LLC


/s/ BRIAN K. HETZER
Brian K. Hetzer


Firm Code: 47926
Brian K. Hetzer (ARDC: 6292998)
**DUNCAN LAW GROUP, LLC**
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
312-202-3283
bkh@duncanlawgroup.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS, ILLINOIS

| | |
|---|---|
| DANNY GROVE and MARILYN GROVE, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, LUIS C. DeVENECIA, M.D., JAMIE BUMP, NP, and UNITED STATES OF AMERICA <br><br> Defendants. | 2021-cv- |

**AFFIDAVIT**
*735 ILCS 5/2-622*

BRIAN K. HETZER, being first duly sworn, states as follows:

I am an attorney employed by DUNCAN LAW GROUP, LLC, the attorneys for Plaintiffs.

I have reviewed the facts of the case with a healthcare professional whom I believe is knowledgeable in the relevant issues in this particular action, practices, or has practiced in the last five years, in the same area of medicine that is at issue in this particular action and is qualified by experience in the subject of this case.

The reviewing healthcare professional has determined in a written report, after a review of the medical record, that there is a reasonable and meritorious cause for the filing of such an action.

Based on my consultation with the healthcare professional, I have also concluded that there is a reasonable and meritorious cause for filing this action.

A copy of the reviewing healthcare professional's report (with information which would identify the reviewing healthcare professional being deleted) is attached to this Affidavit.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

/s/ BRIAN K. HETZER

Brian K. Hetzer (ARDC: 6292998)
**DUNCAN LAW GROUP, LLC**
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
312-202-3283
bkh@duncanlawgroup.com

-15-

Robert R. Duncan
Brian K. Hetzer
DUNCAN LAW GROUP, LLC
161 N. Clark St., Suite 2550
Chicago, Illinois 60601

        RE:    Danny Grove

Dear Mr. Hetzer:

I am a doctor board-certified in internal medicine and I have over 40 years of experience as a practicing internal medicine physician. I am familiar with the care and treatment relevant to Danny Grove and I have read and reviewed the following records related to the care in question:

        1) Medical Records and Images from Carle Richland Memorial Hospital;
        2) Medical Records from Deaconess Hospital;
        2) Medical Records from Dr. Chou; and
        4) Medical Records from Dr. DeVenecia

Based upon my education, training and experience, and my review of the aforesaid records, it is my opinion, based on a reasonable degree of medical certainty, that the care and treatment provided by Luis DeVenecia, M.D. and Jamie Bump, NP fell below the standard of care, and as such, there is a reasonable and meritorious basis for filing an action against them.

On April 9, 2019, Danny Grove fell at Carle Richland Memorial Hospital following a colonoscopy. Since that fall, he made consistent complaints of back pain, including pain between his shoulder blades.

On April 15, 2019, Danny went to his primary care provider and saw Jamie Bump, NP. There, he complained of severe back pain and Nurse Bump prescribed hydrocodone. Nurse Bump failed to perform a proper physical examination of Danny's complaints. Further, given his continued pain, which he rated as severe, the standard of care required additional imaging, including a CT of the thoracic spine. Nurse Bump failed to order same.

On April 23, 2019, Danny returned to his primary care provider, and once again, saw Jamie Bump, NP. Again, he complained of severe back pain, which he rated an 8-9/10, even while taking muscle relaxers regularly. Nurse Bump prescribed physical therapy. Nurse Bump failed to perform a proper physical examination of Danny's complaints. Further, given continued complaints of severe pain two weeks after a fall, the standard of care required additional imaging, including a CT of the thoracic spine. Nurse Bump failed to order same.

On May 2, 2019, Danny called his primary care provider, requesting more hydrocodone. Given continued complaints and his need for narcotics nearly a month after the fall, the standard of care required ordering additional imaging, including a CT of the thoracic spine, and scheduling a follow-up appointment. Dr. DeVenecia and Nurse Bump failed to do so.

On May 15, 2019, Danny returned to his primary care provider and saw Dr. DeVenecia, who admitted Danny to the hospital due to anemia. While at the hospital, Dr. DeVenecia was his attending physician, and Danny continued to complain of back pain. During that admission, Dr. DeVenecia failed to conduct a proper physical examination, given Danny's complaints. Further, he failed to order a CT of the thoracic spine.

On May 22, 2019, Danny returned to his primary care provider and saw Dr. DeVenecia.  Once again, Danny continued to complain of back pain.  Yet, Dr. DeVenecia failed to conduct a proper physical examination and failed to order additional imaging, including a CT of the thoracic spine.

As a result of those deviations from the standard of care, there was a delay in diagnosis and treatment of Danny's thoracic spine fracture, and there is a reasonable and meritorious basis for a case against Luis DeVenecia, M.D. and Jamie Bump, NP.