IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARILYN GROVE, Individually and as Independent
Executor of the Estate of Danny Grove, Deceased,

        Plaintiff,

    vs.

UNITED STATES OF AMERICA; THE CARLE
FOUNDATION; RICHLAND MEMORIAL
HOSPITAL INC.; STEPHANIE GINDER, R.N.;
CAROL VAN BLARICUM, R.N.; CLINICAL
RADIOLOGISTS, S.C.; JEFFREY P. CULLEN, M.D.;
and SHARON C. SMITH, M.D.,

        Defendants.

Case No. 21-cv-1398-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendants Clinical Radiologists, S.C., Jeffrey P. Cullen, M.D., and Sharon C. Smith, M.D. (collectively, the "Radiology defendants," even though Dr. Smith is not a radiologist) (Doc. 61). Defendants The Carle Foundation, Richland Memorial Hospital Inc., Stephanie Ginder, R.N., and Carol Van Blaricum, R.N. (collectively, the "Hospital defendants") seek to join in the motion (Doc. 63). Plaintiff Marilyn Grove has responded to the motion (Doc. 64).

This medical malpractice case arose from the defendants' care of Danny Grove ("Grove"), the plaintiff's decedent, following his colonoscopy and gastrointestinal endoscopy in April 2019 at Richland Memorial Hospital in Olney, Illinois. The Hospital and Radiology defendants ask the Court to dismiss this case because it was brought beyond the Illinois two-year statute of limitations for actions arising out of patient medical care. *See* 735 ILCS 5/13-212(a).

## I.    Dismissal Standard

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must

contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).

This liberal pleading standard, however, will not prevent dismissal of a complaint that pleads

too much.  A case can be dismissed on a Rule 12(b)(6) motion because a complaint pleads facts

establishing that the defendant is entitled to prevail.  *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir.

1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v.*

*Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts

establishing defense to his claim).  This rule applies, for example, to a statute of limitations defense:

> Dismissing a complaint as untimely at the pleading stage is an unusual step, since a
> complaint need not anticipate and overcome affirmative defenses, such as the statute of
> limitations.  But dismissal is appropriate when the plaintiff pleads himself out of court
> by alleging facts sufficient to establish the complaint's tardiness.

*Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009).  This is

what the Hospital and Radiology defendants claim the plaintiff has done in this case.

## II.   Background

### A.   Facts

Accepting all well-pleaded facts in the Second Amended Complaint as true, the allegations

establish the following relevant facts—reduced to their chronological significance for efficiency—for

the purposes of this motion to dismiss.

On April 9, 2019, Grove fell and injured his back in the surgical recovery room of Richland

Memorial Hospital.  At the time of the fall, he was still under the influence of anesthesia from medical

procedures performed earlier that day, and was being cared for by nurses Ginder and Van Blaricum.

Grove was treated for his back injury by Dr. Luis C. DeVenecia and nurse practitioner Jamie Bump,

both deemed federal employees.  Grove underwent a CT scan on April 19, 2019, which Dr. Cullen

read and found initially showed no significant abnormality but later added a more detailed finding of abnormalities but no definite fracture.  Grove underwent another CT scan on May 16, 2019, which Dr. Cullen found showed no significant abnormalities.  On May 25, 2019, Grove was taken to the emergency room at Richland Memorial Hospital where he was seen for back pain and then discharged by Dr. Smith.  The following day, Grove again went to the emergency room, and Dr. Smith admitted him to the hospital.  On May 28, 2019, another radiologist from Clinical Radiologists reviewed the May 16, 2019, CT scan and diagnosed Grove with acute thoracic spine fractures.

The plaintiff alleges the various defendants played a causal role in Grove's injuries.  The last allegedly negligent act of any Hospital or Radiology defendant—including supervision in the recovery room, interpretation of imaging, and treatment in the emergency room—was on or around May 26, 2019.

B.    Procedural History[1]

On April 7, 2021, just shy of two years from Grove's fall in the recovery room, he and his wife filed a lawsuit in the Circuit Court of Cook County, Illinois, against (1) the Hospital defendants, (2) the Radiology defendants, and (3) Dr. DeVenecia, Bump, and their employer:  *Grove v. The Carle Foundation et al.*, 2021 L 3665 (Cook Co. Cir. Ct.).  During the pendency of that case, the Groves learned that the third group of defendants were deemed federal parties who could be sued for negligence only under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680.

---

[1] In relating the procedural history, the Court has looked outside the facts alleged in the Second Amended Complaint.  Ordinarily, when such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment or it may exclude the additional material from consideration.  *See* Fed. R. Civ. P. 12(d).  There is an exception to this rule, however, when the additional material is something of which the Court may take judicial notice.  *See Menominee Indian Tribe of Wisc. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).  The Court may take judicial notice of public records such as judicial proceedings.  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).  In this case, the Court has considered records of other judicial proceedings related to this case, yet may still consider this motion as a motion to dismiss under Rule 12(b)(6).

Pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2), the United States removed the case to the United States District Court for the Northern District of Illinois and was substituted for the federal defendants. *Grove v. The Carle Foundation et al.*, No. 1:21-cv-4364 (N.D. Ill.). The District Court dismissed the Groves' claims against the United States without prejudice because the Groves, not knowing their claim had to be brought under the FTCA, had not yet exhausted their administrative remedies. *See* 28 U.S.C. § 2675(a). The District Court then remanded the remainder of the case—the claims against the Hospital and Radiology defendants—to the Cook County Circuit Court.

After the Groves exhausted their FTCA administrative remedies, they again sought to sue the federal defendants. However, rather than seeking to join them as defendants in the existing Cook County case, they filed a new complaint in this district—only against the aforementioned federal defendants and the United States—on November 8, 2021. *Grove v. United States*, No. 21-cv-1398-JPG (Doc. 1). Shortly thereafter, the Groves filed a "Motion for Joinder of Parties" pursuant to Federal Rule of Civil Procedure 20 seeking to join the Hospital and Radiology defendants on the grounds that the claims against them involved the same operative facts—Grove's fall and subsequent treatment—and common questions of law and that the Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a). The Court construed the motion as asking for leave to amend the federal complaint to add state law negligence claims against the Hospital and Radiology defendants to their FTCA claims against the United States, and it granted the motion. The Groves filed their First Amended Complaint on December 6, 2021 (Doc. 10). This marked the entry of the Hospital and Radiology defendants into this case.

Meanwhile, on January 19, 2022, back in Cook County, the Groves voluntarily dismissed their state lawsuit without prejudice since all defendants were now joined in this federal case. Danny Grove passed away shortly thereafter, leaving Marilyn Grove as the only plaintiff.

**III.     Analysis**

The Hospital and Radiology defendants now ask the Court to dismiss the claims against them because the complaint in this federal lawsuit was filed beyond the Illinois two-year statute of limitations for actions arising out of patient medical care.  *See* 735 ILCS 5/13-212(a).  They note that the claims against them were pled for the first time *in this case* in December 2021, months after the two-year statute of limitations expired in May 2021.  The plaintiff contends the pleading in this federal lawsuit relates back to the original state complaint in the Cook County Circuit Court filed on April 7, 2021, within the two-year statute of limitations.

Federal Rule of Civil Procedure 15(c) governs relation back of amended pleadings in federal court for statute of limitations purposes:

> **(1)** ***When an Amendment Relates Back.***  An amendment to a pleading relates back to the date of the original pleading when:
>> **(A)** the law that provides the applicable statute of limitations allows relation back;
>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

When the phrase "original pleading" is used in this rule, it refers to the complaint filed in the same case in which the relation back is sought.  *Bailey v. N. Ind. Pub. Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990) ("Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading."); *Monrouzeau v. Asociacion del Maestro*, 354 F. Supp. 2d 115, 118 (D.P.R.), *aff'd sub nom. Monrouzeau v. Asociacion Del Hosp. Del Maestro, Inc.*, 153 F. App'x 7 (1st Cir. 2005); *Lucchesi v. Experian Info. Solutions, Inc.*, 226 F.R.D. 172, 174-75 (S.D.N.Y. 2005) ("The

Federal Rules of Civil Procedure contemplates the relation back of pleadings only in the context of a single proceeding." (footnote omitted)); 3 Moore's Federal Practice—Civil § 15.19 (2022). Thus, the fact that a similar lawsuit was filed in another case or another jurisdiction—even if it were about the same conduct, transaction, or occurrence—simply does not provide an anchor to which another federal pleading can relate back. *Bailey*, 910 F.2d at 413; *Monrouzeau*, 354 F. Supp. 2d at 119.

Thus, the "original pleading" in this lawsuit—and the only one to which the First or Second Amended Complaint could conceivably relate back—is the original Complaint filed in this district on November 8, 2021 (Doc. 1), well beyond the statute of limitations. Relation back is not available under Rule 15(c) to the timely Cook County Circuit Court pleading because it was not the "original pleading."

Had this case been removed from state court rather than started afresh in federal court with a new pleading, the result might be different. When cases are removed from state court to federal court, the state and federal suits are *the same suit*, just living in two different fora at two different phases of the suit's life. So an amendment in a removed action *can* relate back to an earlier state court pleading in the pre-removed case. *See, e.g.*, *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410-11 (7th Cir. 1989) (holding post-removal amended complaint alleging Title VII discrimination claims related back to pre-removal state court complaint alleging state law discrimination claims arising out of the same conduct); *Brooks v. HSHS Med. Grp., Inc.*, 513 F. Supp. 3d 1069, 1079 (S.D. Ill. 2021) (Fourth Amended Complaint in federal court relates back to pre-removal state court complaint); *compare, Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (denying relation back, but noting that timely pre-removal state court complaint would likely have supported relation back).

The plaintiff is correct that whether relation back of an amendment should be allowed often requires consideration of notice to the defendant, specifically, whether the defendant knew about the claims against it during the limitations period so it is not unfairly surprised. *See Slayton v. Am. Exp.*

*Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (noting in case where amendment was in same lawsuit that the central inquiry under Rule 15(c) is adequate notice to the defendant within the statute of limitations); *Green v. United States*, No. 16CV3037SJFAYS, 2018 WL 5624106, at *6 (E.D.N.Y. Jan. 29, 2018); *Clancy v. Zimmer, Inc.*, No. 04-CV-1018, 2007 WL 969237, at *5 (W.D.N.Y. Mar. 30, 2007).  In fact, there is no doubt that the Hospital and Radiology defendants had notice of the Groves' claims within the statute of limitations.  However, notice is not enough, by itself, to allow relation back where the basic requirements of Rule 15(c) are not met—that is, where there is no timely original pleading in the same case.

The district court in *Green* and *Clancy* held otherwise and cited numerous district court decisions from district courts within the Second Circuit.  But the Second Circuit Court of Appeals case *Green* cited to support this conclusion—*Slayton*—involved an amendment *in the same proceeding* and does not expressly go as far as *Green* assumes.  *See Slayton*, 460 F.3d at 220.  Indeed, *Slayton* focused on whether the allegations in an amended complaint in the same case "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading," not whether a complaint in another forum could qualify as an "original pleading."  *Id.* at 228.  Additionally, other district courts in the Second Circuit have agreed with the Seventh Circuit's position that a complaint in a totally separate lawsuit cannot qualify.  *See Olsen v. Steris Corp.,* No. 17CV4522SJFAYS, 2019 WL 3948022, at *3 (E.D.N.Y. Aug. 21, 2019); *Palatkevich v. Choupak*, 152 F. Supp. 3d 201, 226 (S.D.N.Y. 2016); *Lucchessi*, 226 F.R.D. at 174-75; *Rayo v. New York*, 882 F. Supp. 37, 40 (N.D.N.Y. 1995).  For these reasons, this Court does not find *Green*, *Clancy* and the district court cases they cite sufficient to outweigh the clear statement of the Seventh Circuit Court of Appeals in *Bailey* that Rule 15(c)'s original pleading must be in the same case.

Neither party has cited any cases indicating whether Illinois law mandates the same result, but the Court has been unable in its independent research to find any inconsistent Illinois law.  Therefore,

it declines to find that Rule 15(c)(1)(A) renders the First or Second Amended Complaint timely under state relation back law.

Finally, the plaintiff is mistaken in the assumption that allowing joinder of claims or defendants under Federal Rule of Civil Procedure 20 absolves the plaintiff of the strictures of a statute of limitations. Rule 20 is strictly a procedural rule that has no effect on the substantive rights of the parties. 4 Moore's Federal Practice—Civil § 20.02 (2022). It contemplates only the question of whether the claims sought to be joined arose out of the same operative facts, not the independent viability of the claims sought to be joined in the face of the statute of limitations.

## IV.  Conclusion

For the foregoing reasons, the Court must grant the Hospital and Radiology defendants' motion to dismiss based on the statute of limitations, but the Court will do so without prejudice in case the plaintiff may be able to revive those claims in state court. The Court has sympathy for the plaintiff for the dismissal of her causes of action against numerous potentially responsible parties, but that sympathy cannot override the statute of limitations and federal pleading rules. The Court notes that the Cook County Circuit Court dismissed those defendants without prejudice in reliance on the Groves' ability to pursue those defendants in this forum.[2] Nothing in this order is meant to limit the plaintiff's option to petition the Cook County Circuit Court to reinstate the state court case against those defendants in the interests of justice in light of the changed circumstances.

Accordingly, the Court:

- **GRANTS** the Hospital defendants' motion to join the Radiology defendants' motion to dismiss (Doc. 63);

---

[2] The plaintiff does not suggest in this forum that the Hospital or Radiology defendants misled them in any way—such as, for example, promising not to assert the statute of limitations defense in this forum—in their discussions leading to the agreement to dismiss the state court action without prejudice, or in any other way committed conduct that might justify equitable tolling or some other equitable defense.

- **GRANTS** the Radiology defendants' motion to dismiss (Doc. 61);

- **DISMISSES** the plaintiff's claims against the Hospital and Radiology defendants **without prejudice**;

- **DENIES as moot** the pending motions to compel discovery from defendants dismissed by this order (Docs. 69, 70, & 71); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  July 6, 2022**


                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**